WILBURN SAMUELS v. THE STATE.

No. 18664. Delivered December 23, 1936.

The opinion states the case.

*G. D. Minick*, of Mineola, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, confinement in the penitentiary for life.

It was charged in the indictment, in substance, that appellant, with malice aforethought, killed Edward Padgitt by shooting him with a gun.

The day before the homicide appellant and deceased had a difficulty, in which deceased took appellant's pistol away from him and knocked him down. According to the testimony of the State, appellant made the statement shortly thereafter that he would "get" deceased the following day. When deceased went to his work the next morning appellant was waiting for him. According to the testimony of witnesses for the State, appellant drew a pistol, and deceased endeavored to hold him. A scuffle ensued, and the pistol was discharged twice. Deceased fell, mortally wounded.

Appellant did not testify, and introduced no witnesses.

Appellant filed an application for a change of venue. The testimony heard on the motion warranted the conclusion of the trial judge that appellant could obtain a fair and impartial trial in Wood County. The application was properly overruled. See Outlaw v. State, 69 S. W. (2d) 120.

As shown in bill of exception No. 2, appellant's first application for continuance was overruled. The qualification of the court attached to the bill shows that appellant had ample time to prepare for trial. Moreover, it is shown in the qualification that two of the absent witnesses were fugitives from justice. Again, it is shown that no affidavits on the part of the absent witnesses showing the testimony they would give were attached to the motion for new trial. As qualified, the bill of exception is not deemed to present error.

Appellant excepted to the charge of the court for its failure to submit an instruction covering the law of accidental homicide. We find nothing in the testimony raising the issue.

The evidence is deemed sufficient to support the conviction.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.